IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT PACELLI,** individually and on behalf of all others similarly situated<br>    Plaintiffs | : : : : : | CIVIL ACTION NO. |
| vs. | : : : | CLASS ACTION COMPLAINT |
| **EQUIFAX INFORMATION SERVICES, LLC**<br>    Defendant | : : : : | JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff Robert Pacelli, by and through his undersigned counsel, individually and on behalf of a class of all other persons similarly situated, respectfully alleges the following against Equifax Information Services, LLC based upon personal knowledge, and on information and belief:

### NATURE OF THE ACTION

1. This is a consumer class action lawsuit brought by Plaintiff, individually and on behalf of a class of all other persons similarly situated, who have had their personal information held by Defendant Equifax including names, social security numbers, birth dates, addresses, credit card numbers (hereinafter referred to as "Personally Identifying Information" or "PII") unlawfully revealed to unnamed third parties due to Defendant Equifax's acts and omissions.

2. Defendant Equifax has acknowledged cybersecurity breaches ("Data Breaches") impacting at least 143 million United States consumers. Said Defendant has also acknowledged that unauthorized persons exploited a United States web site application vulnerability to gain access to certain files. Defendant Equifax claims that based on its investigation, the unauthorized

1

access occurred from mid-May through July 2017 or perhaps as early as March 2017. The information accessed primarily includes Personally Identifying Information. In addition, Defendant Equifax has admitted that credit card numbers for approximately 209,000 United States consumers and certain dispute documents with Personally Identifying Information for approximately 182,000 United States consumers were accessed.

3.     Defendant Equifax has acknowledged that it discovered the unauthorized access on July 29, 2017, but has failed to inform the public why it delayed notification of the Data Breach to consumers. Instead, Defendant Equifax's executives sold at least $1.8 million worth of shares before the public disclosure of the breach. It has been reported that its Chief Financial Officer, John Gamble, sold shares worth $946,374, its president of U.S. information solutions, Joseph Loughran, exercised options to dispose of stock worth $584,099, and its president of workforce solutions, Rodolfo Ploder, sold $250,438 of stock on August 2, 2017.

4.     The Data Breach was the foreseeable result of Defendant Equifax's inadequate approach to data security and the protection of Personally Identifying Information that it collected during the course of its business. Clearly, Defendant Equifax could have prevented this Data Breach.

5.     Defendant Equifax ignored the rights of Plaintiff and class members by intentionally, willfully, recklessly and negligently failing to take adequate and reasonable measures to ensure its data systems were protected, failing to disclose to its customers the material fact that it did not have adequate computer systems and security practices to safeguard Personally Identifying Information, failing to take available steps to prevent and stop the breach from ever happening, and failing to monitor and detect the breach on a timely basis.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act and Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1332(d)(2). This Court also has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1391(b). This Court has personal jurisdiction over Defendant Equifax because, at all relevant times, Defendant Equifax conducted business in the Eastern District of Pennsylvania.

7. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendant Equifax regularly conducts business in this district.

## PARTIES

8. Plaintiff Robert Pacelli ("Plaintiff") is a citizen of Pennsylvania and resides in Collegeville, Montgomery County, Pennsylvania.

9. Defendant Equifax is a Georgia limited liability company with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia 30309.

## FACTUAL ALLEGATIONS

10. In or around August 2017, a cybersecurity breach of Defendant Equifax's files occurred impacting 143 million United States consumers.

11. On or about September 7, 2017, Defendant Equifax announced the cybersecurity breach which had occurred nearly six months earlier.

12. Defendant Equifax later announced another cybersecurity breach which had occurred in March 2017 impacting United States consumers.

13. Prior to these announcements, corporate officers of Defendant Equifax's sold their stock in Equifax.

14. Defendant Equifax waited six weeks to reveal the August breach and six months to reveal the March breach.

15. In the March 2017 breach, upon information and belief, an unknown number of credit card numbers and/or personal identifying information for United States consumers, were accessed.

16. In the August 2017 breach, by Defendant Equifax's own admission, credit card numbers for approximately 209,000 United States consumers and personal identifying information for approximately 182,000 United States consumers, were accessed.

17. Included among those files was Plaintiff's and the Class Member's Personally Identifying Information.

18. As a result of the Breach, Plaintiff and Class Members are subject to identity theft.

19. Victims of identity theft are at serious risk of considerable losses for years to come.

20. Plaintiff and the Class Members have suffered damage resulting from the unauthorized disclosure of their Personally Identifying Information.

21. Plaintiff and Class Members now face years of continuous surveillance of their financial and personal records, monitoring, and loss of rights. The Class is incurring and will continue to incur such damages.

22. As a direct and proximate result of Defendant Equifax's wrongful actions and inactions, Plaintiff and Class Members have suffered and will continue to suffer economic damages and other actual harm for which they are entitled to compensation.

## CLASS ACTION ALLEGATIONS

23. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a nationwide class of all similarly situated individuals (the "Class") defined as "all

persons in the United States for whom Defendant Equifax stores private, personal information that was released as a result of the data breaches."

24. Plaintiff brings this class action as a national class individually and on behalf of a class of all other persons similarly situated.

25. The Class comprises so many consumers that joinder is impractical. Disposition of this matter as a class action will provide substantial benefits and efficiencies to the Parties and the Court.

26. The rights of each class member were violated in a virtually identical matter as a result of Defendant Equifax's willful, reckless or negligent actions and inactions.

27. Questions of law and fact common to all class members exist and predominate over any questions affecting only individual class members.

28. Plaintiff's claims are typical of the claims of the class members in that such claims all arise from the same actions and inactions of Defendant Equifax.

29. Plaintiff and his counsel will fairly and adequately represent the interests of the Class Members. Plaintiff has no interests antagonistic to or in conflict with Class Members' interests.

30. A class action is superior to all other available methods of fairly and efficiently adjudicating the claims of Plaintiff and the Class Members.

31. The expense and burden of litigation would substantially impair the ability of class members to pursue individual lawsuits in order to vindicate their rights.

32. Accordingly, Class Certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(3).

**COUNT I – WILFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**

33. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

34.     As individuals, Plaintiff and Class Members are consumers entitled to the protections of the FCRA. 15 U.S.C. § 1681a(c).

35.     Defendant Equifax is a consumer reporting agency under the FCRA.

36.     The FCRA requires the adoption of reasonable procedures with regard to, among other things, the confidentiality and proper utilization of personal information. 15 U.S.C. § 1681(b). The FCRA also requires that consumer reporting agencies "maintain reasonable procedures to … limit the furnishing of consumer reports to the purposes listed under section 1681b of this title." 15 U.S.C. § 1681e.

37.     Defendant Equifax failed to adopt and maintain these and other reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

38.     Defendant Equifax failed to take reasonable and appropriate measures to secure, safeguard and protect the Personally Identifying Information.

39.     Defendant Equifax's violations of the FCRA, as set forth herein, were willful or, at the very least, reckless, thereby constituting willfulness.

40.     As a result of Defendant Equifax's willful or reckless failure to adopt and maintain reasonable procedures to limit the furnishing of Plaintiff's and Class Members' Personally Identifying Information to the purposes listed under 15 U.S.C. § 1681b, Plaintiff's and the Class Members' Personally Identifying Information was disseminated to unauthorized third parties, compromised and stolen. Plaintiff and the Class Members suffered individual harm as a result of Defendant's willful or reckless violations of the FCRA.

41. As a further direct and proximate result of Defendant Equifax's willful or reckless violations of the FCRA as described herein, Plaintiff and the Class Members were and continue to be injured and have suffered and will continue to suffer the damages described herein.

42. Plaintiff and the Class Members, therefore, are entitled to compensation for their actual damages, statutory damages, as well as attorneys' fees, punitive damages, litigation expenses and costs, pursuant to 15 U.S.C. § 1681n(a).

## COUNT II – NEGLIGENT VIOLATION OF THE FCRA

43. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

44. Defendant Equifax negligently failed to adopt and maintain reasonable procedures designed to limit the furnishing of consumer reports to the purposes listed under 15 U.S.C. § 1681b.

45. Plaintiff's and Class Members' Personally Identifying Information was wrongfully disseminated to the public as a direct and foreseeable result of Defendant Equifax's failure to adopt and maintain such reasonable procedures.

46. As a direct and proximate result of Defendant Equifax's negligent violations of the FCRA, as described herein, Plaintiff's and Class Member's Personally Identifying Information was made accessible to unauthorized third parties in the public domain, compromised and stolen. Plaintiff and Class Members suffered harm as a result of Defendant's negligent violations of the FCRA.

47. As a direct and proximate result of Defendant Equifax's negligent violations of the FCRA, as described herein, Plaintiff and the Class Members were and continue to be injured and have suffered and will continue to suffer the damages described herein.

48. Plaintiff and Class Members, therefore, are entitled to compensation for their actual damages, as well as attorney's fees, punitive damages, litigation expenses and costs, pursuant to 15 U.S.C. § 1681n(a).

### COUNT III – INVASTION OF PRIVACY

49. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

50. Plaintiff's and the Class Members' Personally Identifying Information is private information.

51. Dissemination and publication of Plaintiff's and Class Members' Personally Identifying Information would be offensive to a reasonable person.

52. The public has no legitimate interest in being apprised of Plaintiff's and Class Members' Personally Identifying Information.

53. Defendant Equifax's failure to safeguard and protect Plaintiff's and Class Members' Personally Identifying Information directly and proximately resulted in unreasonable publicity to the private lives of Plaintiff and Class Members.

54. Plaintiff and Class Members have a legal interest in the privacy of their Personally Identifying Information.

55. Defendant Equifax's failure to safeguard and protect Plaintiff's and Class Members' Personally Identifying Information was a direct and proximate cause of the access to and obtaining of the Personally Identifying Information by the public as a matter of law.

56. Defendant Equifax's failure to safeguard and protect Plaintiff's and Class Members' Personally Identifying Information deprived Plaintiff and the Class Members of their legal interest in the privacy of that information, thereby causing them damages.

57. As a result of Defendant Equifax's actions and inactions resulting in Plaintiff's and the Class Members' loss of privacy, Plaintiff and the Class Members were and continue to be injured and have suffered and continue to suffer the damages described herein, including but not limited to compensatory and punitive damages.

## COUNT IV – NEGLIGENCE

58. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

59. By accepting and storing Plaintiff's and the Class Members' Personally Identifying Information in its computer systems and networks, Defendant Equifax undertook a duty to exercise reasonable care to protect, secure and safeguard the Personally Identifying Information and to use commercially reasonable methods to do so.

60. Defendant Equifax knew or should have known the risks inherent in collecting and storing Personally Identifying Information, the vulnerabilities in its data security systems, and the importance of adequate security. Defendant Equifax knew about numerous well-publicized breaches, including the breach at Experian.

61. Defendant Equifax owed a duty of care not to subject Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

62. It was reasonably foreseeable that Defendant Equifax's failure to exercise reasonable care to protect and secure Plaintiff and Class Members' Personally Identifying Information would result in an unauthorized third party gaining access to, possession of, and control over such information for an unlawful purpose.

63. Defendant Equifax's conduct was grossly negligent and departed from all reasonable standards of care.

64. Defendant Equifax's negligence directly and proximately caused the theft and dissemination into the public domain of Plaintiff's and Class Members' Personally Identifying Information and Plaintiff and the Class Members were and continue to be injured and have suffered and continue to suffer the damages described herein.

## COUNT V – BREACH OF FIDUCIARY DUTY

65. Plaintiff incorporates by reference each preceding paragraph as though fully set forth herein.

66. By virtue of their possession, custody and control of Plaintiff's and Class Members' Personally Identifying Information, and their duty to properly monitor and safeguard it, Defendant Equifax was and continues to be in a confidential, special and fiduciary relationship with Plaintiff and Class Members.

67. Defendant Equifax was and continues to be obligated to exercise the highest degree of care in carrying out their responsibilities to Plaintiff and Class Members under such confidential, special and fiduciary relationships.

68. Defendant Equifax breached their fiduciary duties to Plaintiff and Class Members by, *inter alia*, improperly storing, monitoring and safeguarding Plaintiff's and Class Members' Personally Identifying Information.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment on their behalf and on behalf of the Class by adjudging and decreeing that:

A. This action may proceed as a class action, with Plaintiff serving as the Class Representative, and with Plaintiff's counsel as Class Counsel;

B. Certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

C. Defendant Equifax has violated the Fair Credit Reporting Act;

D. Requiring Defendant Equifax to take steps to ensure that the Personally Identifying Information is adequately protected;

E. Awarding Plaintiff and the Class Members statutory, compensatory, treble and punitive damages, together with attorneys' fees and costs, including expert witness fees;

F. Defendant Equifax is to be responsible financially for the costs and expenses of a Court-approved notice program through post and media designed to give immediate notification to the class;

G. Requiring Defendant Equifax to reimburse Plaintiff's and the Class Members' ascertainable losses;

H. Plaintiff and the Class Members are entitled to pre-judgment and post-judgment interest on the damages awarded to them, and that such interest be awarded at the highest legal rate from and after the date this class action complaint is first served on Defendant Equifax; and

I. Award such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a jury trial on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: September 22, 2017 | */s/ Brent F. Vullings* |
|  | Brent F. Vullings, Esq. |
|  | Vullings Law Group, LLC |
|  | 3953 Ridge Pike Suite 102 |
|  | Collegeville, PA 19426 |
|  | *Attorney for Plaintiff and the Class* |